ANDRÉS AYBAR MUÑOZ ET AL., Plaintiffs and Appellants, v. NATALIA VARA SMITH ET AL., Defendants and Appellees.

No. 8129.   Argued February 5, 1940.—Decided March 30, 1940.

The appellants appeared *per se.*   *M. Rivera de la Vega* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

A motion to dismiss the appeal has been presented by the appellees. A detailed statement of facts is necessary to understand the case.

Ever since 1918 there has been litigation between these parties or their grantors.

Guillermo Smith del Junco, a native of New Orleans, came to Puerto Rico more than one hundred years ago.

Here he married Natalia Aybar de la Cruz and they had three daughters. They moved to Cádiz, Spain, where Smith and his wife died. His daughters and granddaughters have lived there all their lives. While in Puerto Rico, Smith acquired two houses in San Juan. One of them subsequently passed out of the possession of the family. The other is the object of this litigation.

The plaintiffs are grandchildren of Jacinto Aybar, who they claim was a brother of Natalia.

The three Smith Aybar sisters were named Carmen, Manuela and María Carolina. The latter was known as Carolina.

Manuela died single, had no issue, and her two sisters became her heirs. As far as this litigation is concerned she is of no consequence. María Carolina married Felipe Vara Báez.

According to the plaintiffs neither Carmen nor Carolina had any issue.

In 1918 a suit was filed by Natalia Vara Smith alleging that she and her deceased sister Carolina Vara were daughters of Carolina Smith, also deceased; that her sister died and their father became her heir; that she was her father's heir; and that Carolina Smith's rights vested in her. Carmen Smith Aybar also appeared as plaintiff. This suit, No. 10605, was against other people named Smith who had obtained in their name record of the properties of Guillermo Smith. The appellants intervened and claimed title as heirs, but the court decided the case in favor of Carmen Smith and Natalia Vara.

It appears that in 1921 the present appellants moved for a judicial administration of the properties, but the record does not disclose what was decided.

In 1923, Natalia Vara Smith instituted several ex parte proceedings numbered 3690, 3691, 3692, and 3693, by which she was declared heir of her mother María Carolina Smith, known as Carolina.

In 1927, Andrés and Luciana Aybar sued Natalia Vara, seeking to annul the declaration of heirship, and claimed to be the rightful heirs of Carolina Smith. They claimed that Carolina never had any issue and that Natalia Vara Smith was not her daughter. This case was decided against the Aybars. They appealed and the appeal was dismissed. See 48 P.R.R. 722.

Meanwhile, Carmen Smith Aybar had died. She left a will and instituted sole heirs her three daughters, Pilar Moreno Smith, Concepción Salas Smith and María de la Gloria Salas Smith. They presented the will in the registry and Carmen Smith' title was transferred to them.

On June 30, 1932, Andrés and Luciana Aybar filed another complaint in an action to annul the record of a property in the registry. They sought to annul the entries by which Natalia Vara Smith, Pilar Moreno Smith, Concepción Salas Smith and María de la Gloria Salas Smith, were recognized owners of a house in San Juan. Their claim is that Natalia Aybar, Guillermo Smith' wife, had a brother, Jacinto Aybar, who was their grandfather; that neither Carmen or Carolina Smith had any children; and that they are the rightful heirs of the Smith Aybar sisters. They have variously claimed that the four defendants do not exist or that they exist but are not daughters of Carolina and Carmen Smith. This third case, No. 16986, is now for the third time on appeal before this court.

In the complaint the plaintiffs allege that all the documents presented at various times by the defendants to prove their status as daughters of Carolina and Carmen Smith Aybar, are forged. They charge them with fraud in trying to pass off as daughters of Carmen and Carolina Smith, and maintain that the aforesaid Smith Aybar sisters never had any issue.

The particular averment reads:

"13.—That later, the herein defendants, Pilar Moreno Smith, Concepción Sala Smith, and María de la Gloria Sala Smith by way

of false and fraudulent representations, and passing themselves off as daughters and heirs of Mrs. Carmen Smith Aybar, when scarcely four years ago said Carmen Smith Aybar had made her appearance in Court in the aforesaid complaint, and taking advantage of the fact that they had the same name, surprised the Registrar of Property of San Juan, Second Section, and presenting to him a forged will caused him to record in their name an interest in the property described in the 5th averment of this complaint which belongs exclusively to the plaintiffs by the right of inheritance previously alleged.''

The defendants demurred to the complaint on the ground that the case was *res judicata* between the parties. The district judge, the Hon. A. R. de Jesús, allowed the demurrer and rendered judgment dismissing the complaint. The plaintiffs appealed and the judgment was reversed and the case remanded. 51 P.R.R. 182.

After a trial, the district court rendered judgment for the defendants because it understood that the issue between the parties had already been settled in previous proceedings and the plaintiffs had not proved that the judgments therein had been fraudulently obtained.

For the second time the plaintiffs appealed. The appellees moved for a dismissal and this court through Mr. Justice Hutchison, denied the motion. 52 D.P.R. 972.

The appeal was argued and the judgment reversed on the sole ground that the appellants had been deprived of their right to examine a witness.

The case was remanded for a new trial. 54 P.R.R. 153.

A new trial was held and the district court again found for the defendants. The plaintiffs again appeal. The basis of their complaint is:

''1.—That the plaintiffs Andrés and Luciana Aybar Muñoz are the only persons who have a right to the estate left by their first cousins, Carmen, Manuela and Carolina Smith Aybar, because they died without leaving ascendants or descendants, legitimate or illegitimate, nor other collateral heirs except the plaintiffs herein.

"2.—That the property described in this complaint belongs to and is the exclusive property of the plaintiffs by way of inheritance of their first cousins Carmen, Manuela and Carolina Smith Aybar.

"3.—That the judgment obtained by Carmen Smith Aybar and Natalia Vara Smith in civil case No. 10605 in this same court is null and void and absolutely worthless, and the record made in their favor in the Registry of Property of the house in issue is also null and void.

"4.—That the record of the property in question made in the Registry of Property of San Juan, First Section, by the defendants Natalia Vara Smith, Pilar Moreno Smith and Concepción and María de la Gloria Sala Smith, in their name, is null and void and absolutely worthless.

"5.—That therefore, the cancellation of said entries in the Registry of Property be ordered, and that in its stead the property aforesaid be recorded in the name of these plaintiffs, Andrés and Luciana Aybar Muñoz, by way of inheritance of the aforesaid Carmen, Manuela and Carolina Smith Aybar, with any other pertinent statement, and with costs and expenses to the defendants".

The district court said:

"As the plaintiffs have not proved that they are the heirs of Carmen, Manuela and Carolina Smith Aybar, inasmuch as the latter left forced heirs, we would have no need of considering the frauds and nullities which they charge in their complaints, but after examining the evidence presented by the plaintiffs we must state that neither have they offered the proof required to establish fraud. To prove a charge of fraud, the evidence must be clear, sound, strong and convincing, and leave no room for guess and suspicion. *Calzado* v. *Carrero*, 15 P.R.R. 340; *Sabalier* v. *Iglesias*, 34 P.R.R 338; *Ortiz* v. *Clausells*, 34 P.R.R. 509. The charges made by the plaintiffs against several attorneys of acknowledged integrity in the practice of law, who have taken part in these cases, are much too serious to be accepted as true without having before it strong and vigorous proof under the law which may not only support the plaintiffs' cause of action but also to impose punishment upon those who have misused their lawyers robe and broken the oath sworn when they were clothed in it. On the contrary, the defendants' evidence, which consists of authentic documents, duly legalized in Spain, before competent authorities, shows, leaving no room for doubt in the mind of the judge, that no such fraud exists.

"These cases have the condition of *res judicata* because the same issues were raised and decided between the same parties in case No. 5502, supra. And even though said case was decided on the main reason that the complaint showed no cause of action, although the trial was held, the defense of *res judicata* would always be applicable, even if the case had been adjudged on a demurrer. (See *Aguilera v. Pérez*, 51 P.R.R. 1.) In that case the plaintiffs sought to annul the declaration of heirship of the defendant Natalia Vara Smith as they do in this together with the nullity of the declaration of heirship of the other defendants Moreno Smith and Sala Smith, and, in consequence, the nullity of the entries made in the Registry of Property of the several estates inherited by said defendants. There is, therefore, the identity of causes, things and persons required by section 1204 of the Civil Code (1930 Ed.) that the presumption of *res judicata* may prevail, and the fact that in the case at bar there are other defendants who were not parties to case No. 5502, supra, does not hinder its success, because said defendants are joined to the defendant Natalia Vara Smith of Case No. 5502, by bonds of solidarity, or by those established by the indivisibility of obligations between those who have the right to demand their performance or the duty to fulfill them, as is provided by said Section 1204. . *González v. Méndez*, 15 P.R.R. 682; *Martínez v. Sánchez Extremera*, 38 P.R.R. 108.

"It is true that the Supreme Court in this same case, *Aybar v. Vara*, 51 P.R.R. 182, decided that a demurrer on grounds of *res judicata* did not lie because for the purpose of the demurrer the fact alleged in the complaint had to be taken as true, but we are now deciding the case on its merits, after hearing all the evidence, and this has in no way sustained the truth of the facts alleged in the complaints."

After the judgment in the first case in the district court, No. 10605, subsequent judgments have decided not only that the appellants' case has no merits, but also that it is *res judicata*. Specifically, the judgment rendered in suit No. 5502, affirmed by us in 48 P.R.R. 722, decided that the appellants had not proved their relationship to Natalia Aybar, and that Natalia Vara Smith was a rightful heir of Carolina Smith Aybar.

After that judgment the appellants have had two trials in the district court and failed to prove their case.

In answer to the motion to dismiss, as we understand them, the appellants have said that the case is again in the same condition that it was when, in the *per curiam* decision of March 29, 1938, we refused, through Mr. Justice Hutchison, to dismiss the appeal as follows:

"Since there is the possibility that such a brief (of the appellants) may shed light on the issues now raised by the motion to dismiss; in view of the special circumstances of the case and especially the fact that the appellants are laymen without legal representation, and therefore the case requires a more detailed consideration than would otherwise be necessary, to avoid the possibility of some inadverted injustice; the dismissal will be denied, for the present." *Aybar* v. *Vara,* 52 D.P.R. 973. (*Note:* This, being a *per curiam* decision, is not published in the English edition of the Puerto Rico Reports.)

The whole record is before us. The suggestion about filing a brief had not been complied with when we heard the motion to dismiss on the 5th of February, 1940. It is only now recently, namely on March 20, 1940, that the appellants have filed their brief.

We do not think that the appellants by their brief or otherwise have enlightened this court as to the merits of their case, as was the suggestion of the opinion copied above; and it is evident that the defendants have a right to request the end of this litigation. *Interest republicæ ut sit finis litium.*

This court has given thorough attention to this case, specially noting the fact that the appellants have no attorney and defend themselves. We have read the many motions presented in this and the lower court, although as a rule they are defective. We have been unable to find a reason to deny the appellees motion. The appellants have maintained right along that a prominent lawyer in San Juan invented the defendants in order to defraud them, or has caused these four people to claim an inheritance which rightly belongs to the plaintiffs. They also claim that all the wills, powers of attorney, and certifications of judgment

of the Spanish courts in various testamentary proceedings, which have at different times been produced by the defendants' agent, are forged.

The appellants have had ample opportunities to prove the charges of fraud and have never been able to do so. They have steadily raised the same questions, which have always been decided against them. We see no valid reason why the appeal should not be dismissed.

The motion must be granted and the appeal dismissed, as frivolous.